IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS A. CABRERA-RUIZ                                                               PETITIONER

VS.                                                         CIVIL ACTION NO. 3:13cv828-DPJ-FKB

ARCHIE B. LONGLEY, Warden                                                         RESPONDENT

### REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Carlos A. Cabrera-Ruiz, a federal prisoner. Having considered the petition and response, the undersigned recommends that the petition be dismissed because of Cabrera's failure to exhaust his administrative remedies.

Cabrera is a federal inmate serving a 108-month sentence imposed by the United States District Court for the Southern District of Texas.[1] At the time he filed this action, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo City).[2] Cabrera's projected release date, via good conduct time release, is October 31, 2016. In his petition, Cabrera challenges the monthly withdrawal from his prison account of restitution payments through the Inmate Financial Responsibility Program. He argues that the Bureau of Prisons (BOP) is without authority to collect these payments and that they render his monthly income insufficient for his living expenses.

---

[1] The sentence was imposed for conspiracy to transport unlawful aliens resulting in the death of aliens.

[2] He is currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

In support of his response to the petition, respondent has submitted the declaration of Melinda Chandler, Administrative Remedy Clerk at FCC Yazoo City. In the declaration, Chandler states that she has reviewed the administrative remedy records for Cabrera. According to Chandler, those records indicate that on February 24, 2012, Cabrera filed with the warden at FCC Yazoo City a request for administrative remedy challenging the withdrawal of restitution payments. This request was denied, and on March 13, 2012, Cabrera filed an appeal with the regional director. Following denial of this appeal, Cabrera filed on May 29, 2012, a request for review by the general counsel - the final level of review in the BOP's administrative remedy program. This appeal was rejected on June 12, 2012, because of Cabrera's failure to attach the appropriate documentation. The notice informing him of this rejection stated that he could resubmit the appeal within fifteen days. Cabrera never resubmitted his appeal. Thus, Cabrera had failed to complete the administrative remedies process as of September 19, 2012 - the date he filed the present petition. For this reason, his petition is subject to dismissal.

Accordingly, the undersigned recommends that the petition be dismissed. The

parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 4th day of September, 2014.

                                          /s/ F. Keith Ball
                                          _____
                                          UNITED STATES MAGISTRATE JUDGE